IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE AMERICAN NATIONAL BANK OF TEXAS, a National Association, | § § § | |
| Plaintiff-Counterdefendant, | § § | |
| VS. | § § | |
| AXA EQUITABLE LIFE INSURANCE COMPANY, | § § § | Civil Action No. 3:15-CV-3997-D |
| Defendant-Counterplaintiff-Third-Party Plaintiff, | § § | |
| VS. | § § | |
| RANDOLPH GILLUM, M.D., | § § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant-counterplaintiff-third-party plaintiff AXA Equitable Life Insurance Company ("AXA") moves for leave to effect substituted service on third-party defendant Randolph Gillum, M.D. ("Dr. Gillum"). The court denies the motion without prejudice.[1]

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Plaintiff-counterdefendant The American National Bank of Texas ("ANB") filed this suit in state court against AXA seeking the recovery of disability benefits under an assignment from Dr. Gillum.   After AXA removed the suit to this court, it answered and counterclaimed against ANB and filed a third-party action against Dr. Gillum.

Through a process server, AXA has attempted three times to personally serve Dr. Gillum at his Lawson Road address[2]: on January 8, 2016, at 1:02 p.m.; on January 16, 2016, at 11:11 a.m.; and on January 19, 2016, at 5:09 p.m.  AXA's motion for substituted service is supported by the affidavit of Ron Bradley ("Bradley"), in which he details his attempts to serve Dr. Gillum at Lawson Road.  According to Bradley, Lawson Road is Dr. Gillum's last known address; Dr. Gillum is listed as the owner of Lawson Road in the records of the County Appraisal District; a large letter "G" is affixed to the gate of Lawson Road; and what appears to be a document from a different lawsuit in which Dr. Gillum is a defendant is affixed to the gate of Lawson Road.  According to Bradley, Lawson Road is enclosed by a fence and a closed gate.  On the first attempt on January 8, Bradley noticed tire tracks on the driveway, "indicating recent vehicle activity." Bradley Aff. at 1.  After each attempt to serve Dr. Gillum at Lawson Road, Bradley affixed his card to the closed gate.

---

[2]To address the privacy concerns associated with disclosing residence addresses, the court will refer to addresses by street name without listing the specific address and city.  *See* Fed. R. Civ. P. 5.2(e)(1) (permitting court to require redact of information not specifically listed in Rule 5.2(a)(1)-(4)).

II

AXA moves for leave to effect substitute service on Dr. Gillum.  It asks the court to allow it to serve Dr. Gillum by mailing a copy of the summons[3] and AXA's answer, counterclaim, and third-party complaint by certified mail, return receipt requested, and by affixing the documents to the gate at Lawson Road.

The court concludes that it lacks sufficient information to find that Lawson Road is Dr. Gillum's last known address or his residence.  According to Bradley's affidavit, Dr. Gillum is listed as the owner in the records of the County Appraisal District; the letter "G" is affixed to the gate of Lawson Road; and a document from another lawsuit in which Dr. Gillum is a defendant is affixed to the gate of Lawson Road.  While this evidence is certainly relevant in establishing that Lawson Road is Dr. Gillum's last known address or his residence, neither the motion nor the Bradley affidavit indicates how it was determined that Lawson Road is Dr. Gillum's last known address or that Bradley confirmed that Lawson Road is Dr. Gillum's residence, for example, by verifying Dr. Gillum's residence with neighbors.

---

[3]AXA uses the term "citation," which is found in the applicable Texas procedural rules.  The federal term is "summons."

\*   \*   \*

Accordingly, the court denies without prejudice AXA's motion to substitute service.

**SO ORDERED**.

February 22, 2016.


_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE